65493, 65953. JERNIGAN et al. v. CARROLL (two cases).

POPE, Judge.

On March 3, 1982 plaintiffs/appellants filed a motion for new trial from a jury verdict entered February 19 of that year. On May 27 the motion for new trial was denied, and on June 25 plaintiffs filed their notice of appeal to this court. On August 13 plaintiffs obtained an extension of time to file the transcript of the trial for 30 days beyond the date said transcript was originally due to be filed, i.e., until August 24; the transcript was subsequently filed on September 23. On October 5 defendant/appellee filed a motion to dismiss the appeal based upon plaintiffs' failure to timely file the transcript. Following a hearing on defendant's motion, the trial court entered an order on October 22 dismissing plaintiffs' appeal. The appeal from the main case was subsequently docketed in this court on October 28 and assigned Case No. 65493. Plaintiffs filed a separate appeal (Case No. 65953, docketed January 10, 1983) from the trial court's order dismissing their appeal. *Held:*

1. We note at the outset that the trial court had jurisdiction to entertain the motion to dismiss the appeal and to enter an order thereon because the appeal had not yet been docketed in this court. See *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (IV) (208 SE2d 449) (1974); Court of Appeals Rule 47 (formerly Code Ann. § 24-3647).

2. In its order dismissing plaintiffs' appeal, the trial court found "[t]hat Plaintiffs' Notice of Appeal was filed on June 25, 1982; that

Plaintiffs obtained an Order for Extension of Time to file the transcript on August 13, 1982, said Order extending the time to file said transcript for thirty (30) days past the date said transcript was originally due to be filed. That said Order was obtained after the original thirty (30) days in which Plaintiffs were to file the transcript had already elapsed. This Court finds that Plaintiffs' failure to have an Order entered for extension of time prior to thirty (30) days after the Notice of Appeal was excusable as it appears that the court reporter changed jobs and moved out of the county and therefore the delay was reasonable. Further, this Court finds that as a matter of fact there was no additional Order entered extending the time in which to file the transcript after the first extension had expired nor was the transcript filed during said period. Further, this Court finds that Plaintiffs made no attempt during said period to obtain an additional Order extending the time to file the transcript. Based on these facts, this Court finds that the failure of the Plaintiffs to obtain an extension was unreasonable as counsel for the Plaintiffs had notice that the additional thirty (30) day period would expire and there being no question as to the location or whereabouts of the court reporter. This Court finds that the delay in acting after the Order for Extension of Time had expired was unreasonable and the unreasonable delay was inexcusable and was caused by the Plaintiffs."

"The failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable. [OCGA § 5-6-48 (formerly Code Ann. § 6-809 (b))]; see *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976). The trial court's decision on this issue will be reversed only for an abuse of discretion. See *Gilman Paper Co. v. James*, 235 Ga. 348 (219 SE2d 447) (1975). Cf. *Young v. Climatrol Southeast Dist. Corp.*, supra. There was no abuse of discretion in this case." *DuBois v. DuBois*, 240 Ga. 314 (1) (240 SE2d 706) (1977); *Dampier v. First Bank &c. Co.*, 153 Ga. App. 756 (266 SE2d 539) (1980); *Allen v. Seaboard C. L. R. Co.*, 128 Ga. App. 391 (3) (196 SE2d 878) (1973).

*Judgment affirmed in Case No. 65953; appeal dismissed in Case No. 65493. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1983.

*Robert L. Herman, J. Michael McLaughlin,* for appellants.
*Lynn A. Downey, Y. Kevin Williams,* for appellee.