## A97A0137. WARE v. VAUGHN.
(483 SE2d 698)

PER CURIAM.

This appeal by Tony L. Ware from a jury verdict in favor of defendant Jeffrey D. Vaughn in a personal injury case is the second appeal of the verdict and judgment. Appellant Ware sought an extension of time to file his brief and enumeration of errors on September 23, 1996, the day before they were due to be filed. Contemporaneously, appellee filed a motion to dismiss the appeal because of Ware's failure to file a timely brief and enumeration of errors. By order of October 3, 1996, this Court denied Ware's motion for extension of time. However, before we could act on appellee's motion to dismiss, Ware was by clerical error allowed to file a brief and enumeration of errors.

Following the verdict on August 22, 1995, plaintiff Ware, pro se, filed a notice of appeal on September 19, 1995. In January 1996, defendant filed a motion in the trial court to dismiss the appeal because Ware did not file the transcript within 30 days (OCGA § 5-6-42) and filed no request for extension of time; however, the trial court denied the motion to dismiss. Two months later on March 21, 1996, Ware filed an amended notice of appeal *directing that the transcript be omitted*, but *reserving a right to file the transcript at any time during the appeal process*. However, on April 18, 1996 this Court issued an order denying a motion for extension of time to file an enumeration of errors and brief, which motion Ware had filed on grounds *that the court reporter failed to file a copy of the transcript*. We noted in our order that at the same time that he sought an extension of time for failure of the trial court to file the transcript, Ware amended his notice of appeal *and directed the trial court not to send the transcript*, while keeping open the option of supplementing the record with a transcript. We held in our order that "this court cannot grant open-ended extensions."

On remand to the trial court we ordered: "*Upon the filing of the transcript [in the trial court]*, appellant shall have 30 days from that date to refile appellant's notice of appeal, and upon the filing of such notice of appeal the case *with the complete record and transcript* may be transmitted to the Court of Appeals for redocketing." (Emphasis supplied.)

In May 1996, while the case was still on remand and in the trial court's jurisdiction and before Ware had filed a second notice of appeal, the defendant filed in the trial court a motion to dismiss appeal for Ware's unreasonable delay in filing the transcript under OCGA § 5-6-48 (c). Notwithstanding the fact that no second notice of appeal had been filed, the trial court granted defendant's motion to dismiss the appeal. This ruling was, of course, without force because

there was no appeal then pending. This procedural anomaly of a motion to dismiss an appeal when no appeal was pending and the trial court's granting of that motion to dismiss appeal, appear to have arisen from the defendant's and trial court's frustration with Ware's continued failure to file the transcript more than seven months after he filed his first notice of appeal, in which Ware had directed that no transcript be filed while at the same time he sought extensions of time based on the fact that the transcript had not been filed. Inasmuch as the second appeal is now before us despite the trial court's erroneous grant of that motion to dismiss, we consider that ruling by the trial court to be moot.

On August 27, 1996, appellant filed a second notice of appeal of the 1995 verdict and judgment. This notice of appeal directed: "The *transcript of evidence and proceedings will not be filed for inclusion in the record.* . . . However, appellant do[es] not waive any right to amend this motion of appeal nor to move the Court of Appeals by motion to have the record supplemented pursuant to [OCGA § 5-6-48]." (Emphasis supplied.) The appeal now before us was docketed on September 4, 1996.

As noted above, we denied an extension of time to Ware to file a brief and enumeration of errors and defendant filed a motion to dismiss the appeal but, by clerical error, Ware was allowed to file a late brief and enumeration of errors. On October 3, 1996, Ware filed a motion asserting that his appeal cannot be dismissed for delay in filing the transcript because on April 18, 1996 when we remanded the first appeal, we specifically ordered that Ware could file his second notice of appeal 30 days from the filing of the transcript — which he had never done (and which in this second notice of appeal Ware designates not be done). *Held*:

In consideration of all the material proceedings in this Court, and the record and all motions filed in this Court, we conclude that appellant in his first notice of appeal designated that no transcript be filed and then improperly and litigiously used the trial court's failure to file the transcript as an excuse to attempt to obtain an extension of time for filing his brief and enumeration of errors. When we remanded the case, we gave appellant *30 days from the filing of the transcript* to refile a notice of appeal, and held that "upon the filing of such notice of appeal the case with *the complete record and transcript* may be transmitted to the Court of Appeals for redocketing." (Emphasis supplied.) Ware then delayed five months in filing a second notice of appeal. Ware obviously used as his excuse for delay in filing the second notice of appeal the fact that, in ruling that Ware had 30 days after filing of the transcript to file a second notice of appeal, we *apparently* had not ordered a time for filing of the transcript or had not explicitly ordered the transcript to be filed.

We now hold that it is clear from the face of our April 1996 order that consistent with the law as to unreasonable delays in filing transcripts and appeal documents in general, we explicitly contemplated that Ware would not delay in filing the transcript and we explicitly contemplated that when Ware refiled his appeal "the complete record and transcript" would be transmitted to this Court.

However, replicating his course of conduct in his first appeal, Ware unduly delayed filing the transcript in the trial court so as to delay the necessity of filing this notice of appeal within 30 days thereof. Then, when he could no longer delay filing his second notice of appeal, Ware designated in his second notice of appeal *that the transcript not be filed,* and he again arrogated a right to summon the transcript at any time during the appeal.

Further, appellant gives no excuse whatever for his delay and failure to have the transcript filed in the trial court.

We conclude, upon the indisputable facts of record and according to his express designation in his second notice of appeal, that appellant *had no intention of filing the transcript* within a reasonable time so that his second appeal would be filed without undue delay. He thus used the leave granted in our April 18, 1996 order to refile a notice of appeal "30 days from . . . filing [the transcript]" as a means to delay indefinitely, or to a time to be determined at his discretion, the refiling of any appeal.

We find further that the complete terms of our April 18, 1996 order directed that on the docketing of this second appeal, the *complete record including transcript would be transmitted to this Court,* and that the order contemplated on its face that Ware would not unreasonably delay filing the transcript and therefore would not unreasonably delay the filing of his second notice of appeal. The full record shows appellant wilfully and frivolously failed to have the transcript filed in the trial court so as to use the fact that no transcript had been filed as an excuse to delay indefinitely or at his discretion the filing of his second notice of appeal. We find further that his designation in his second notice of appeal that no transcript be filed is in direct defiance of this Court's April 18, 1996 order, and proves that his refusal to have the transcript filed was a means to manipulate lawful appeal procedures and the rules and orders of this Court. We find appellant has wilfully followed the same manipulative course of conduct in this appeal as in his first appeal: he has wilfully and purposely failed to file the transcript within a reasonable time; and he wilfully used his failure to file a transcript as a means to delay the filing of the second notice of appeal. And we conclude that Ware wilfully used his delay in filing the second notice of appeal to thwart any attempt by appellee, the trial court, and this Court to have the appeal proceed according to law or else be dis-

missed for inexcusable and unreasonable delay under OCGA § 5-6-48. We note, further, that the appeal itself contains no allegations of substantive material error in the trial of the personal injury case but argues tendentiously about procedural maneuvers.

Accordingly, we find this appeal and the entire appeal procedure used by Ware to be wholly and egregiously frivolous and abusive, and we find that the appeal has been litigiously pursued for the purpose of harassment, and we impose a penalty of $1 against Tony L. Ware pursuant to Court of Appeals Rule 15 (b), as amended, this sum being appropriate inasmuch as he has declared himself to be a pauper. We direct that this opinion be published in the Georgia Appeals Reports. Finally, we direct that the matters and proceedings and actions stated herein be considered cumulative and aggravating circumstances to any further and future action by Tony L. Ware which this Court deems to be improper, frivolous, abusive, or excessive litigation.

*Appeal dismissed. Division Per Curiam. All Judges concur.*

DECIDED MARCH 7, 1997.

Tony L. Ware, *pro se.*

*Bentley, Karesh & Seacrest, Karsten Bicknese, Lauren G. Danielson,* for appellee.

Jeffrey D. Vaughn, *pro se.*

