## S00G1296. DAVIS v. LABREC.
(549 SE2d 76)

</div>

HUNSTEIN, Justice.

We granted petitioner Jonathon Davis's petition for certiorari to determine whether the parental fitness or best interests of the child test applies to Davis's petition to legitimate his biological child. Because we hold that the standard to be applied under the circumstances of this case is the best interests of the child test, we affirm the decision of the Court of Appeals.

Respondent Kevin LaBrec and Elizabeth Wolff had been involved in a personal relationship for approximately six years when Wolff gave birth to a child in 1995. LaBrec was present at the child's birth and is named on the birth certificate as the child's father. In July 1996, LaBrec became the child's legal father when he obtained a court order legitimating the child pursuant to OCGA § 19-7-22. Wolff

supported LaBrec's legitimation petition and acknowledged LaBrec as the child's biological father in an affidavit filed in support of the petition. After Wolff, who has a history of mental instability, attempted suicide in July 1996, LaBrec initiated an action to obtain full legal and physical custody of the child. In that custody proceeding Wolff asserted for the first time that LaBrec was not the child's biological father, although she later entered into a consent agreement whereby she consented to LaBrec becoming the child's sole permanent physical and legal custodian.

In August 1997, Davis, who claimed he did not discover until December 5, 1996 that he is the child's biological father, filed a complaint to establish paternity, to set aside the previous legitimation order, and to legitimate and obtain custody of the child.[1] Davis proceeded to a March 1999 hearing at which the trial court, relying on *In re Baby Girl Eason*, 257 Ga. 292 (358 SE2d 459) (1987), determined that Davis did not waive his opportunity interest to develop a relationship with the child and that Davis was fit; declared the child to be Davis's legitimate son; changed the child's last name to Davis; and granted Davis visitation rights. Also relying on *Eason*, the Court of Appeals reversed and remanded the case to the trial court for it to consider the preclusive effect of the earlier legitimation and custody orders and, if it determined that it could properly address Davis's legitimation petition, to apply the best interests of the child standard. *LaBrec v. Davis*, 243 Ga. App. 307 (2) (534 SE2d 84) (2000).

In granting Davis's petition to legitimate, the trial court relied exclusively upon the opinion of this Court in *Eason* and held as a matter of law that if Davis, as the child's biological father, was found to be fit, the court was required to grant the petition to legitimate. *Eason*, however, does not stand for the proposition that the fitness test is the substantive standard applicable to every legitimation petition but recognized a continuum of rights, specific to the facts of each case, to which varying standards could be applied. In *Eason*, an unwed biological father sought to legitimate his infant child who had been placed with an adoptive family by the State. The adoptive family had developed a relationship with the infant and were providing normal parental care and maintenance. We held that the parental fitness standard must be used to determine the father's right to legitimate the child because it was the State's action which interfered with the father's rights with respect to the child and which allowed for the development of the parent/child relationship between the child and the adopting parents. *Eason*, supra at 297. We made clear,

---

[1] Blood tests have established to a probability of 99.12% that Davis is the child's biological father.

however, that absent the State's involvement and under other circumstances, the best interests of the child standard would be adequate. Id.

The facts of this case are distinguishable from *Eason* in two important respects. First, LaBrec is the child's legal father. See OCGA § 19-7-22. Unlike the potential adoptive parents in *Eason*, LaBrec stands in the same position as any other parent and possesses the same custodial rights with respect to the child. See *Mitchell v. Ward*, 231 Ga. 671, 672 (203 SE2d 484) (1974); OCGA § 19-8-1 (6) (E). Thus, Davis's petition sought to delegitimize a legitimate child and to break up a legally recognized family unit already in existence.

*Eason* is further distinguishable in that the parent/child relationship between LaBrec and the child has developed since the child was born and has done so independent of any State action. As a result of the actions of Wolff, LaBrec was named as the father on the child's birth certificate and has lived with the child as father and son throughout the child's life. Thus, prior to any State involvement, LaBrec had a developed father and son relationship with the child which was later consummated through legitimation proceedings. Accepting fully his responsibility as a father, LaBrec has uncontrovertedly provided traditional parental care and maintenance to the child. When the child's mother became emotionally unstable LaBrec was the one who cared for and ultimately obtained full legal custody of the child. It is undisputed that LaBrec and the child have formed deep familial and psychological bonds that "stem[ ] from the emotional attachments that derive from the intimacy of daily association." (Citations and punctuation omitted.) *Eason*, supra at 295-296, quoting *Lehr v. Robertson*, 463 U. S. 248, 261 (103 SC 2985, 177 LE2d 614) (1983).

Under these circumstances, we find that Davis's interests as the biological father are adequately protected by the best interests of the child standard. See *In the Matter of J. M. S.*, 257 Ga. 630 (362 SE2d 56) (1987) (applying best interests of child test to petition to legitimate under OCGA § 19-7-22); *Ghrist v. Fricks*, 219 Ga. App. 415 (1) (465 SE2d 501) (1995) (biological parent has no absolute right to the grant of a petition for legitimation). The trial court's grant of Davis's petition was thus based on the incorrect legal standard and by applying that incorrect standard, the trial court failed to consider the best interests of the child and LaBrec's rights as a legal parent, as well as the preclusive effects of the valid preexisting legitimation and custody orders. See OCGA § 9-11-60 (h). Accordingly, the Court of Appeals correctly reversed and remanded the case to the trial court to consider the effect of the preexisting legitimation and custody orders and, should it conclude that it may properly address Davis's

petition to legitimate, to consider whether it is in the best interests of the child to grant the petition.

*Judgment affirmed. All the Justices concur, except Sears and Hines, JJ., who concur in the judgment only.*

DECIDED JUNE 25, 2001.

*Cobb & Gardner, M. Ayres Gardner, William J. Cobb, Fred L. Cavalli,* for appellant.

*Kupferman & Golden, Lawrence D. Kupferman, Gregory D. Golden,* for appellee.