## A02A0860. GALARDI et al. v. STEELE-INMAN.
## A02A0861. PEPPER v. STEELE-INMAN.
### (576 SE2d 555)

POPE, Senior Appellate Judge.

Vanessa Steele-Inman ("Steele") was a contestant in the 1997 Miss Nude World Pageant (the "pageant"). After pageant organizers barred Steele from the competition, she sued numerous parties, including Jack Galardi, Trop, Inc. d/b/a the Pink Pony, and Jack Pepper. In her complaint, Steele raised claims for slander, tortious interference with business relationships, attorney fees, and punitive damages.[1] Following trial, a jury returned a verdict in favor of Steele, awarding her damages on all these claims. In Case No. A02A0860 Galardi and Trop assert that the trial court erred in denying their motions for new trial and judgment notwithstanding the verdict, and in Case No. A02A0861 Pepper challenges the same rulings. For reasons that follow, these cases are remanded to the trial court.

In most of their enumerations of error, appellants assert that the trial court erred in denying their motions for j.n.o.v. But, the record on appeal, specifically the transcript, does not include all of the evidence presented to the jury. In her appellate brief, Steele cited the following testimony presented by videotape to the jury in support of the verdict in her favor: (1) plaintiff's Exhibit 29 — a videotape of the hotel room meeting; (2) plaintiff's Exhibit 41 — a videotape of a portion of Samantha Jones' deposition; and (3) plaintiff's Exhibit 42 — a portion of Galardi's deposition. None of these exhibits was included in the record on appeal. (Similarly, Exhibit 43, an excerpt from yet another deposition, was also not included in the record.) Although we have attempted to obtain them, three of these videotapes are still not in the record. These elements of the evidence presented to the jury are necessary for a proper review of the issues in question.

OCGA § 5-6-48 (d) provides that at any stage of the proceeding, even after oral argument, this Court "shall" order the trial court to complete the record on appeal, and even order that portions of or even a complete transcript of the evidence and proceedings be prepared and sent up. It also states that this Court shall "take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." See also *Peterson v. Beasley*, 274 Ga. 882 (561 SE2d 429) (2002) (case remanded because it was unclear whether certain documents had been admitted into evidence); *Ware v. Vaughn*, 225 Ga. App. 303 (483 SE2d 698) (1997) (appeal following earlier remand to complete record).

Therefore we remove these cases from the appeal docket and

---

[1] Steele sued parties and raised other claims that are not subject to these appeals.

remand them to the trial court for completion of the record without delay. Once the completed transcript is on file with the trial court and the trial court has entered an order stating that the record is complete or that it cannot be completed, appellants shall have 30 days from the date of the mandated order to refile their notices of appeal, and upon the filing of such notices of appeal the case with the complete record and transcript may be transmitted to the Court of Appeals for redocketing. See *Ware v. Vaughn*, 225 Ga. App. 303; *Effel v. Effel*, 207 Ga. App. 643 (428 SE2d 809) (1993). See also *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172 (444 SE2d 359) (1994).

*Cases remanded with direction. Ruffin, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 16, 2002 —
RECONSIDERATION DENIED JANUARY 17, 2003.

*Aubrey T. Villines, Jr., Heidi A. Honis*, for appellants (case no. A02A0860).

*Cook, Youngelson & Wiggins, O. Jackson Cook*, for appellant (case no. A02A0861).

*Spix, Krupp & Reece, Spencer J. Krupp, William R. Reece III, Lawrence L. Bennett, Jr.*, for appellee.