A02A2082, A02A2083. HADAVI v. PALMER (two cases).
(580 SE2d 291)

RUFFIN, Presiding Judge.

Javad Hadavi sued Willard Palmer for payments allegedly due under a construction contract. After a bench trial, the court entered judgment in favor of Palmer on Hadavi's claims. In Case No. A02A2082, Hadavi challenges the trial court's denial of his "Motion for Modification of Judgment or in the Alternative Motion for New Trial." His notice of appeal designates the entire trial record to be included in the appellate record. Hadavi failed, however, to timely file the trial transcript, and the trial court denied his motion for an extension of time. Hadavi nevertheless caused the transcript to be untimely filed, and in Case No. A02A2083, he asserts that the trial court erred in denying his motion for an extension of time. For reasons that follow, we affirm the trial court's order denying Hadavi's motion for an extension in Case No. A02A2083, but remand Case No. A02A2082 for further proceedings.

1. Because the transcript is essential to our review of Case No. A02A2082, we must first consider Case No. A02A2083, which involves the trial court's denial of Hadavi's application for additional time to file the transcript. Hadavi asserts that the trial court abused its discretion in denying his motion because the extension would not have delayed the docketing of the appeal. He further argues that the trial court erred in failing to hold an evidentiary hearing to determine if the delay in filing the transcript was unreasonable and inexcusable. We disagree with both assertions.

The record shows that, on February 25, 2002, Hadavi filed his notice of appeal challenging the denial of his motion for new trial. Under OCGA § 5-6-42, Hadavi was required to cause the trial transcript to be "filed within 30 days after filing of the notice of appeal . . . unless the time [was] extended as provided in [OCGA § 5-6-39]." The latter Code section allows an appellant to move for additional time to file a transcript, but the "application . . . for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."[1]

Hadavi filed his motion on March 29, 2002, two days after the time limit for filing the transcript expired. Palmer opposed the motion, arguing that it was untimely filed and that Hadavi failed to show that the delay was excusable. The trial court denied the motion on the ground that Hadavi "failed to make his request for extension before the expiration of the period for filing as original prescribed." In light of Hadavi's untimely filing of the motion, the trial court did not err, and because the motion was improperly filed, Hadavi was not entitled to an evidentiary hearing on the matter.[2] Accordingly, the trial court's order in Case No. A02A2083 is affirmed.

2. Notwithstanding the trial court's order, Hadavi untimely filed the transcript with the trial court clerk on April 15, 2002, and the clerk transmitted it to this Court with the appellate record. Palmer now contends that if we affirm the trial court's order denying Hadavi's motion for an extension of time, Case No. A02A2082 "has to be presented without the benefit of a transcript."

We do not believe that the denial of Hadavi's motion for extension, by itself, requires such a result. As a consequence of the trial court's ruling, Hadavi's filing of the transcript on April 15, 2002, was untimely. But the Appellate Practice Act must "be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points

---

[1] OCGA § 5-6-39 (a) (3), (d).
[2] See *Almond v. Robertson*, 138 Ga. App. 22-23 (225 SE2d 486) (1976).

raised therein, except as may be specifically referred to in this article."[3] Furthermore,

> [t]he section requiring filing of the transcript within 30 days (§ 5-6-42) is specifically designed to facilitate an appellate decision on the merits at the earliest possible date. Since it is not a jurisdictional requirement, the demand for punctuality should not be so strict as to defeat the very purpose of the requirement by preventing an appeal altogether, unless the delay is unreasonable so as to affect the appeal itself.[4]

Thus, OCGA § 5-6-48 (c) provides that

> [n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.

Similarly, OCGA § 5-6-48 (f) provides that

> [a]n appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court unless it affirmatively appears from the record that the failure was caused by the appellant.

These provisions clearly prohibit us from dismissing the appeal due to the late filing of the transcript — that is something only the trial court can do after notice and an opportunity for hearing.[5] But

---

[3] OCGA § 5-6-30.

[4] (Citation omitted.) *Sellers v. Nodvin*, 262 Ga. 205, 206-207 (1) (b) (415 SE2d 908) (1992).

[5] The record in this case contains a rule nisi for Hadavi to show cause why his appeal should not be dismissed. The record does not reveal why the trial court did not ultimately rule on the dismissal, but Hadavi states in his appellate brief that the court believed it lost jurisdiction to consider dismissal when the notice of appeal was filed. We note that, until the record is transmitted to this Court, the trial court retains jurisdiction to dismiss an appeal based upon the untimely filing of the transcript. See *Turner v. Taylor*, 179 Ga. App. 574-575 (1) (a) (346 SE2d 920) (1986) (decided under former Court of Appeals Rule 47, now promulgated as Court of Appeals Rule 20); *Jernigan v. Carroll*, 167 Ga. App. 40 (1) (306 SE2d 45) (1983); see also OCGA § 5-6-48 (c) (contemplating the trial court's jurisdiction to dismiss an

the question remains whether we may consider the late-filed transcript in Case No. A02A2082. In answering this question, we are cognizant that if we decide *not* to consider the transcript, Hadavi's appeal from the denial of his motion for new trial is doomed. This is because the transcript is necessary for our review of his appeal, and if an appellant is responsible for the omission of the transcript, we "must assume the judgment below was correct and affirm."[6]

Given the requirement for liberal construction of the Appellate Practice Act, it is essential that a determination be made concerning the cause, reasonableness, and excusability of Hadavi's delay in filing the transcript, and whether such factors merit the demise of his appeal. Although OCGA § 5-6-48 (f) authorizes us to refuse to consider an untimely filed transcript if the record affirmatively shows that such is proper, the record here contains no evidence on which we can make this finding. Under these circumstances, it is appropriate to remand the case to the trial court to determine whether Hadavi's appeal should be dismissed due to the late-filed transcript. Although OCGA § 5-6-48 (f) does not require such action, we can discern no reason why we should determine the fate of Hadavi's appeal on a silent record, when the trial court has the authority to consider whether to dismiss the appeal based on the cause, reasonableness, and excusability of Hadavi's delay.[7] Accordingly, we remand the case for further action consistent with this opinion.[8]

*Case No. A02A2082 remanded with direction. Judgment affirmed in Case No. A02A2083. Barnes and Adams, JJ., concur.*

DECIDED MARCH 24, 2003.

*Jahangeer Habibi,* for appellant.
*John M. Miles,* for appellee.

---

appeal based on the untimely filing of the transcript, which, by definition, occurs more than 30 days after the notice of appeal was filed).

[6] (Punctuation omitted.) *Acker v. Jenkins,* 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986).

[7] See OCGA § 5-6-48 (c); *Baker v. Southern R. Co.,* 260 Ga. 115 (390 SE2d 576) (1990) (requiring the trial court to find all three conditions stated in OCGA § 5-6-48 (c) before it dismissed an appeal based on a late-filed transcript); *Dalton v. Vo,* 224 Ga. App. 382 (480 SE2d 377) (1997) (same).

[8] See *Baker,* supra at 116; *Dalton,* supra at 383.