A04A1035. HADAVI v. PALMER.
(603 SE2d 747)

MIKELL, Judge.

Javad Hadavi appeals the trial court's denial of his "Motion to Direct the Clerk of Court to Transmit to the Court of Appeals the Decision Entered by this Court on Defendant's Motion to Dismiss Plaintiff's Appeal." He argues that the trial court erred by failing to transmit its order to this Court, that the denial of his motion constituted error, and that the trial court exceeded the scope of the remand by entering findings of fact and conclusions of law and a judgment contrary to this Court's previous holdings. We disagree and affirm.

This is the second appearance of this case before this Court. The full procedural history of the case is discussed in detail in *Hadavi v. Palmer* ("*Hadavi I*"),[1] which consolidated Case Nos. A02A2082 and A02A2083. Therefore, only the facts pertinent to this appeal will be discussed herein. As stated in *Hadavi I*, this case arose out of Hadavi's suit against "Willard Palmer for payments allegedly due under a construction contract. After a bench trial, the court entered judgment in favor of Palmer on Hadavi's claims."[2] Hadavi filed a "Motion for Modification of Judgment or in the Alternative Motion for New Trial," then appealed the trial court's denial thereof in Case No. A02A2082.[3] Hadavi designated the entire record for inclusion on appeal but failed to file timely the trial transcript. He then moved for an extension of time to file the transcript after the time limit to do so had expired. The trial court denied that motion as well, which he appealed in Case No. A02A2083. In Case No. A02A2083, we affirmed the trial court's order because the motion was untimely filed.[4]

Despite the trial court's order denying his motion for an extension of time, Hadavi untimely filed the transcript with the trial court clerk, and it was transmitted with the record on appeal. In Case No. A02A2082, we acknowledged that the transcript was not filed timely. However, in light of the requirement of liberal construction of the Appellate Practice Act, we remanded the case to the trial court to determine whether the cause, reasonableness, and excusability of Hadavi's delay in filing the transcript warranted the dismissal of the appeal. We stated that

> OCGA § 5-6-48 (c) provides that no appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.[5]

On August 14, 2003, the trial court entered an order that Hadavi's appeal should not be dismissed due to the late filing of the transcript. On October 9, 2003, Hadavi filed the motion at issue in

---

[1] 260 Ga. App. 509 (580 SE2d 291) (2003).

[2] Id.

[3] Id.

[4] Id. at 510 (1).

[5] Id. at 511 (2).

this appeal — the motion directing the trial court clerk to transmit its decision to this Court. The trial court denied Hadavi's motion, which resulted in the instant appeal.

1. We address simultaneously Hadavi's first and second enumerated errors. It is not the trial court's responsibility to initiate the transmittal of an appeal to this Court after remand. Parties wishing to appeal must "within 30 days of the trial court's ruling, petition the trial court to retransmit their appeals expeditiously to this court for appellate redocketing."[6] Since Hadavi failed to do so until 56 days after the trial court's ruling, we affirm the trial court's denial of his motion.

2. Hadavi argues that the trial court exceeded its authority by entering new findings of fact and conclusions of law in the order from which he appeals. However, the order does not include any findings of fact and conclusions of law. Instead, the trial court simply provides the procedural history of the case and the rationale supporting its denial of Hadavi's motion. In support of his argument, Hadavi cites *Palm Restaurant of Ga. v. Prakas*[7] and *Gold Kist v. Wilson*,[8] neither of which is applicable here. In *Palm Restaurant*, the trial court was ordered to conform its findings of fact to evidence on remand, but entered findings of fact that were contradictory to those set forth in the appellate opinion.[9] Similarly, in *Gold Kist*, after the third remand, the trial court entered additional findings of fact and conclusions of law, which modified the previous judgment rendered in a preceding term of court.[10] As these cases have no bearing on the instant case and we otherwise find no merit in Hadavi's argument, this enumerated error fails as well.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 23, 2004.

*Jahangeer Habibi*, for appellant.
*John M. Miles*, for appellee.

---

[6] (Citation omitted.) *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 174 (444 SE2d 359) (1994). Accord *Cook v. McNamee*, 223 Ga. App. 460, 462 (477 SE2d 884) (1996). See also *Galardi v. Steele-Inman*, 259 Ga. App. 249, 250 (576 SE2d 555) (2002) (case remanded for the completion of the record and parties ordered to refile notices of appeal within 30 days after trial court's order certifying the record's completion).

[7] 192 Ga. App. 74 (383 SE2d 584) (1989).

[8] 247 Ga. App. 107 (542 SE2d 126) (2000).

[9] *Palm Restaurant of Ga.*, supra at 76.

[10] *Gold Kist*, supra at 111-112.