# Court of Appeals
# of the State of Georgia

ATLANTA,  July 31, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1575. KUNMI OLULEYE v. J.P. MORGAN CHASE BANK, N.A., et al.

Appellee J.P. Morgan Chase Bank, N.A. has filed a motion to supplement the record with various pleadings and orders which, according to the motion, were relied upon by the trial court in its disposition of the instant case. However, the motion further avers that these pleadings and orders were from prior actions and were not filed with the trial court in this case. We cannot determine from the record before us whether or not these documents were in fact relied upon by the trial court and should be included in the record.

OCGA § 5-6-48 (d) gives this court the authority to "require the trial court to . . . certify what transpired below which does not appear from the record on appeal, require that additional portions of the record . . . be sent up, . . . or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." Accordingly, we hereby remand this case to the trial court with direction that it determine whether any of the pleadings or orders identified by appellee were in fact integral to the trial court's disposition of this case, and whether or not to supplement the record with any of those documents. See *Galardi v. Steele-Inman*, 259 Ga. App. 249, 250 (576 SE2d 555) (2002) (remanding case to trial court for completion of record where it did not contain all evidence presented to jury). Upon remand, the trial court must take steps – including holding a hearing if necessary – to make these determinations, and the trial court must enter an order stating whether or not the record has been supplemented. See *Thomas v. State*, 331 Ga. App. 641, 659-660 (7) (771 SE2d 255) (2015).

Appellant Oluleye shall have 30 days from the date of the trial court's mandated order on this matter to refile her notice of appeal, and upon the filing of such notice of appeal, the case with the complete record may be transmitted to the Court of Appeals for re-docketing. See *Thomas*, supra at 671 (12); *Galardi*, supra. Appellant shall not be required to pay another filing fee when the case is re-docketed.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office,*
*Atlanta,　07/31/2018　　　*
　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*

　　　　　　　　　　　　　　　*, Clerk.*