# Court of Appeals
# of the State of Georgia

ATLANTA,  January 02, 2025

*The Court of Appeals hereby passes the following order:*

A24A1628.  NICHOLAS SHARRON EDGE v. THE STATE.

Following a jury trial, Nicolas Sharron Edge was convicted of sexual battery against a child under the age of 16[1] (Count 1); and sexual contact by an employee or agent in the first degree (Count 2).[2] Edge now appeals, arguing that (1) there was insufficient evidence to sustain his conviction on Count 2; and (2) the trial court erred in denying his motion in arrest of judgment with respect to Count 2.

In his notice of appeal, Edge specified that "[n]o portion of this record shall be omitted on appeal." However, the record on appeal does not include all of the evidence presented to the jury, including State's Exhibits 3 (DVD of forensic interview), 5 (DVD of forensic interview), 10 (DVD of forensic interview), 15 (DVD of Edge's police interview), and 16 (DVD of bus footage). These exhibits, which were presented to the jury, are necessary for a proper review of the issues in the instant appeal.

"Appellate courts have authority to supplement the record pursuant to OCGA § 5-6-48 (d)," *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008), and to

---

[1] The indictment originally charged Edge with child molestation in Count 1, but the jury found him guilty of the lesser included offense of sexual battery against a child under the age of 16 on this count.

[2] The jury acquitted Edge of sexual battery against a child under the age of 16 (Count 3) and criminal attempt to commit a felony for attempting to entice the victim to come to his house with the intent to commit child molestation (Count 4).

"take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). See also *Thomas v. State*, 331 Ga. App. 641, 658-660 (7) (771 SE2d 255) (2015) (remanding case to the trial court for completion of the record on the basis that the record on appeal did not contain sufficient information for this Court to address appellant's enumeration of error); *Galardi v. Steele–Inman*, 259 Ga. App. 249, 249-250 (576 SE2d 555) (2002) (remanding cases to trial court for completion of record where it did not contain all evidence presented to jury); *Ware v. Vaughn*, 225 Ga. App. 303, 303 (483 SE2d 698) (1997) (appeal following earlier remand to complete record).

Accordingly, the Clerk of Court is directed to remove this case from the appeal docket and REMAND the appeal to the trial court for completion of the record. Once the record is complete (or the trial court has indicated that the record cannot be completed), the clerk of the trial court is directed to transmit the record to this Court for re-docketing.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   01/02/2025*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*