# Court of Appeals
# of the State of Georgia

<span>ATLANTA,   August 05, 2025</span>

*The Court of Appeals hereby passes the following order:*

## A25A1874. CHERITA CAIL et al. v. HOUSTON ORTHOPAEDIC SURGERY AND SPORTS MEDICINE, PC et al.

Before this Court is Appellant's Motion to Supplement the Record. Appellant contends that the appellate record is incomplete and does not fully reflect the proceedings in the trial court because the trial transcript transmitted to this Court does not include a transcript of the jury charge conference. Appellant states that she "has been notified that the charge conference was not taken down and therefore does not appear in the transcript," but she asserts that a record of what occurred during the charge conference is necessary so that this Court will have before it Appellant's specific objection to the pattern jury charge on hindsight that she maintains was made before the trial court.[1] Consequently, Appellant requests that this Court direct the trial court to correct the omission in the record by certifying what transpired during the jury charge conference. Appellant represents that the Appellees do not object to this motion.

"OCGA § 5-6-48 provides the procedure for an appellate court to require the trial court to supplement the record." *State v. Pike*, 253 Ga. 304, 306 (320 SE2d 355) (1984). More specifically, subsection (d) of that statute authorizes an appellate court to, among other things, "require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on

---

[1] In her appellate brief, Appellant enumerates as error that the trial court erred by charging the jury on hindsight.

appeal." Additionally, OCGA § 5-6-41 (f) authorizes a trial court to correct a material omission in the record and "direct . . . if necessary, that a supplemental record . . . be certified and transmitted by the clerk of the trial court."

Based on these statutory provisions, Appellant's motion is hereby GRANTED, and the case is REMANDED to the State Court of Houston County to address the omission of the jury charge conference from the trial transcript by certifying what transpired at the conference and taking any additional steps to correct or supplement the record that the trial court deems necessary to remedy the omission.[2] See *Galardi v. Steele-Inman*, 259 Ga. App. 249, 249-250 (576 SE2d 555) (2002) (remanding case for supplementation of the record by the trial court). Once the trial court enters an order resolving these matters, the clerk of the trial court shall transmit the entire record, including any supplements thereto, to this Court for re-docketing pursuant to the notice of appeal filed in this case. Upon re-docketing, briefing by the parties shall proceed in accordance with Court of Appeals Rule 23. The parties are advised to include proper citations to the completed record in their briefs.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 08/05/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] If the parties are unable to agree on what specific objections and arguments were raised at the jury charge conference, "the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." OCGA § 5-6-41 (f).