# Court of Appeals
# of the State of Georgia

ATLANTA, September 18, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1277.  DARWIN POMPEY v. ARENTRIA MURRAY et al.**

In May 2022, the trial court entered a legitimation order recognizing Darwin Pompey as the legal father of N. P., a child born in 2016. The trial court also granted Pompey joint legal custody of the child, entered a parenting plan, and ordered him to pay child support to Arentria Murray, the child's mother. Although a paternity test for Pompey was discussed during these proceedings, one was not ordered.

Pompey subsequently filed a petition for contempt and sought modification of the custody order, alleging that Murray was hindering his access/relationship with N. P. Murray filed a motion to set aside the legitimation order, asserting that her fiancé, Tyrue Smith, had taken two paternity tests showing him to be N. P.'s biological father. Smith then filed a petition seeking to intervene in the case and attached a petition seeking legitimation of N. P. and legal custody of the child.

The cases were consolidated for trial. A guardian ad litem was appointed to represent N. P. and report to the trial court. The court conducted a hearing in August 2024, a transcript of which does not appear in the record. Ultimately, the trial court issued a final order setting aside the May 2022 order legitimating N. P. and establishing custody and visitation for Pompey. The court then named Pompey an

equitable caregiver of the child pursuant to OCGA § 19-7-3.1 and awarded him visitation. The court terminated Pompey's ongoing child support obligation but ordered him to pay Murray for child support arrearage. The court then granted Smith's petition to legitimate N. P. Smith was awarded custody and visitation and was ordered to pay child support. The court ordered that Murray, Pompey, and Smith share equally the child's educational and medical expenses. The court found that it was not in N. P.'s best interest to change her last name.

The court also issued a separate order finding Pompey in contempt of previous orders it had issued ordering the parties not to disparage one another or discuss the case in front of the child. The court recounted that, during the final hearing in the case, Pompey introduced as evidence various recordings he made of conversations between himself and the child, in which he discusses the case and its potential impact with her, causing the child to become upset. Thus, the court ordered Pompey in contempt and to be incarcerated for ten days. This appeal followed.

According to the trial court's order, the final hearing in this case was taken down by a court reporter. The record includes evidence of Pompey's attempts to secure a transcript of the hearing, and in his Amended Notice of Appeal, Pompey requested all transcripts to be transmitted on appeal. However, in his "Corrected Second Amended Notice of Appeal," (which appears to be the operative Notice of Appeal in this case), Pompey states that he does not request the inclusion of trial transcripts in the appellate record. Accordingly, we do not have the transcript of the final hearing in our appellate record, and it is not clear if one currently exists. Pompey has since moved to supplement the record to include the transcript from the hearing,

held August 20-23, 2024, as well as the report issued by the guardian ad litem.

"Appellate courts have authority to supplement the record pursuant to OCGA § 5-6-48 (d)," *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008), and to "take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). See also *Thomas v. State*, 331 Ga. App. 641, 658-660 (7) (771 SE2d 255) (2015) (remanding case to the trial court for completion of the record on the basis that the record on appeal did not contain sufficient information for this Court to address appellant's enumeration of error); *Galardi v. Steele–Inman*, 259 Ga. App. 249, 249-250 (576 SE2d 555) (2002) (remanding cases to trial court for completion of record where it did not contain all evidence presented to jury); *Ware v. Vaughn*, 225 Ga. App. 303, 303 (483 SE2d 698) (1997) (appeal following earlier remand to complete record).

On appeal, Pompey asserts inter alia that the trial court erred in setting aside his order of legitimation and instead classifying him as an equitable caregiver to the child, whom he has raised since birth and whom he duly legitimated.

Although Pompey is pro se and his brief fails to conform substantially to our rules (and Pompey would be well advised to seek legal counsel),[1] the trial court's order

---

[1] Within her brief, Murray seeks sanctions against Pompey for a frivolous appeal pursuant to Court of Appeals Rule 7 (e) (2). However, she did not file her motion as a separate document as required by Court of Appeals Rule 41 (b), and we decline to consider the merits of her request at this time. Pompey has also filed several motions in this Court, which we now dismiss as moot given our decision to remand the case for completion of the record.

in this case strips him of his legally-established parental rights to N. P. — rights that we have characterized as among the most important protected by our Constitution. See *Davis v. LaBrec*, 274 Ga. 5, 7 (549 SE2d 76) (2001) (a father who has legitimated a child "stands in the same position as any other parent and possesses the same custodial rights with respect to the child"); *Brooks v. Parkerson*, 265 Ga. 189, 193 (2) (b) (454 SE2d 769) (1995). Although there is limited precedent addressing the setting aside of a legitimation order, the case law in this area makes clear that the best interest of the child is to be considered paramount.[2] See *Davis*, 274 Ga. at 7; *Baker v. Baker*, 276 Ga. 778, 780-781 (2) (582 SE2d 102) (2003). Without a transcript of what evidence and testimony was presented at the August 2024 hearing, our review of the trial court's findings regarding the best interest of N. P. is severely hindered.

Accordingly, given the consequences of affirming or reversing the instant judgment of the trial court, and given our inability to meaningfully review the issues presented on appeal, the Clerk of Court is directed to remove this case from the appeal docket and REMAND the appeal to the trial court for completion of the record.

---

[2] In very few cases have our appellate courts reviewed the setting aside of a duly entered legitimation order, and we have noted that the statutory scheme relevant to paternity and legitimation is not necessarily clear concerning the issue of de-legitimation. See *Ghrist v. Fricks*, 219 Ga. App. 415, 419-421 (1) (465 SE2d 501) (1995) (discussing the dearth of cases reviewing the de-legitimation of a child), overruled in part on other grounds by *Brine v. Shipp*, 291 Ga. 376, 380 (3) (729 SE2d 393) (2012).

Once the record is complete (or the trial court has indicated that the record cannot be completed), the clerk of the trial court is directed to transmit the record to this Court for re-docketing.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*   *09/18/2025*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*