## A91A0558. SLAUGHTER v. THE STATE.
(405 SE2d 897)

BIRDSONG, Presiding Judge.

Frederick Slaughter appeals his convictions for two violations of the Georgia Controlled Substances Act. He contends that the trial court erred by denying his motions for a mistrial and for a new trial because of a juror's misconduct. *Held*:

The record shows that after a noon recess following the presentation of evidence one of the jurors did not return to court. When the missing juror could not be located after a two-hour search, the trial was recessed until the next morning. Before trial reconvened the next morning, Slaughter moved for a mistrial because of potential harm resulting from the unauthorized absence of the juror. After the motion was denied, the trial court charged the jury and the jury deliberated and convicted Slaughter. Slaughter subsequently renewed his motion for mistrial and included the juror's misconduct as one of the grounds for his motion for new trial. The motions for mistrial and the motion for a new trial were denied by the trial court.

Other than showing the fact that a juror was absent, the record is silent about the absence of the juror, e.g., the reason therefor, whether the juror had any unauthorized communications, or the possible impact of the juror's absence on the other jurors. Further, the record shows that there were no cautionary instructions to the jury about the entire matter.

"It has long been recognized by the courts of this state that the guarantee of a fair and impartial jury is a central safeguard to a fair trial in our system of criminal justice. There is a presumption of prejudice . . . when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." (Citation and punctuation omitted.) *Lockridge v. State*, 260 Ga. 528, 529 (397 SE2d 695). The unauthorized failure of this juror to return to court appears to qualify as "an irregularity in the conduct of a juror." However, because no hearing was conducted, and the record is otherwise silent as to the circumstances surrounding the juror's conduct, we cannot assess without speculation whether the trial court abused its discretion in denying the motion. See *Johnson v. State*, 235 Ga. 486, 495 (220 SE2d 448). Therefore, the record on appeal must be supplemented. See *State v. Newsome*, 259 Ga. 187, 188 (378 SE2d 125); OCGA § 5-6-48 (d).

Accordingly, this appeal is remanded to the trial court to give both parties the equal opportunity to supplement the record on this issue, bearing in mind that during the hearing the State retains the burden of proving beyond a reasonable doubt that no harm occurred. The trial court may use the procedures set out in *State v. Newsome*, supra, or a post-trial hearing similar to those suggested in *Moore v.*

*State*, 187 Ga. App. 387, 392-393 (370 SE2d 511) and cases cited therein, but open to all parties and their counsel.

*Case remanded with direction. Cooper, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

The trial court in its order denying defendant's motion for new trial did state that "there was no evidence that the juror communicated with any other juror or any party during her absence." This suggests to me that, at some point during the proceedings, the juror may have been questioned concerning her absence. However, the record does not reflect that this in fact occurred and, as the majority states, "the record is silent as to the matter concerning the absence of the juror. . . ." Thus I agree that the case should be remanded to the trial court for the purpose of supplementing the record on this issue.

DECIDED MAY 13, 1991.

*Wayne B. Kendall*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *George F. Hutchinson III*, Assistant District Attorney, for appellee.