S01A1232. PETERSON v. BEASLEY et al.
(561 SE2d 429)

*All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

The majority remands this case because the defendants' exhibits do not appear in the transcript and record filed in this Court. However, I believe that a remand is completely unnecessary and that we are required to affirm the judgment below.

The majority proceeds on an erroneous premise because Ms. Peterson does not contend that the evidence is insufficient or that the

record is incomplete. Instead, she argues that the special master erred in relying upon the defendants' exhibits because they were never admitted into evidence. Thus, there is no necessity for this Court actually to view the documents considered by the special master, so as to determine whether his findings are supported by the record. If there was no procedural error in the special master's consideration of the documents, Ms. Peterson implicitly concedes that they, coupled with the additional evidence considered below, authorized the findings.

Although the defendants' exhibits are not included in the record on appeal, the transcript does show that, at the outset of the hearing, Ms. Peterson's counsel agreed to a broad stipulation as to the admissibility of relevant documentary evidence, including deeds, surveys and tax maps. When subsequently asked during the course of the hearing, appellant's lawyer did not object to any of the defendants' exhibits. Instead, he requested that "we just wait till the end and tender them all." At the conclusion of the hearing, there was an unreported conference between the special master and the attorneys. The transcript contains the court reporter's notation that the special master retained the exhibits. The special master's report refers to a plat specifically "identified as Defendant's Exhibit No. 16." On this record, it is clear that no formal tender of the defendants' exhibits occurred in the presence of the court reporter. However, it is also clear that, at the specific request of Ms. Peterson's own lawyer, the documents that were marked and identified as the defendants' exhibits during the hearing were tendered at the conclusion to the special master, who thereafter retained and relied upon them in preparing the report. Ms. Peterson does not contend that, considering her expansive stipulation as to the admissibility of documentary evidence, any of the defendants' exhibits were inadmissible. Indeed, since the transcript does not show that she ever objected to the admission of any of the documents, we must presume that there was no error in their submission to and consideration by the special master. See *Cotherman v. Cotherman*, 218 Ga. 486, 488 (128 SE2d 728) (1962). Under these circumstances, a remand is not necessary and we should hold that, under the record before us, there was no procedural error in the special master's reliance upon the defendants' exhibits.

Ms. Peterson, as the appellant, has the affirmative burden of showing error by the record. *Graham v. Ault*, 266 Ga. 367 (2) (466 SE2d 213) (1996); *Forio v. Forio*, 217 Ga. 813, 814 (2) (125 SE2d 486) (1962); *Cobb v. DeLong*, 216 Ga. 794, 797 (120 SE2d 177) (1961); *Garrett v. McDowell*, 242 Ga. App. 78 (1) (527 SE2d 918) (2000); *CNL Ins. America v. Moreland*, 226 Ga. App. 57, 58 (485 SE2d 515) (1997). The record she has provided to this Court does not contain defendants'

exhibits, including the survey to which the special master expressly referred in his report. That record does, however, show that the documentary evidence was tendered to and considered by the special master. Under these circumstances, we must assume that the special master's findings of fact are correct and are fully supported by the evidence submitted to him. *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 474 (3) (467 SE2d 517) (1996); *Higdon v. Gates*, 238 Ga. 105, 106 (231 SE2d 345) (1976); *Glenn v. Allen*, 239 Ga. 646, 647 (1) (238 SE2d 438) (1977); *Forio v. Forio*, supra at 814 (2); *Cobb v. DeLong*, supra at 797. Thus, a remand of this case is inconsistent with the long-established presumption of evidentiary sufficiency which arises when the record provided by the appellant fails to include all that was proffered to and considered by the trier of fact.

Ms. Peterson raises two other enumerations of error. Contrary to her contention, the report of the special master contains extensive and adequate findings of fact and conclusions of law. Compare *Andrews v. Boykin*, 273 Ga. 386, 388 (3) (543 SE2d 12) (2001) (failure to address theory of recovery raised by petition); *Childs v. Sammons*, 271 Ga. 161 (516 SE2d 779) (1999) (report contained no legal basis for its ruling). Her assertion that the special master erred in allowing hearsay evidence is likewise without merit. *Shuman v. State*, 84 Ga. App. 585, 587 (2) (66 SE2d 152) (1951). Thus, I dissent to the majority's failure to affirm the judgment of the superior court.

ORDERED MARCH 25, 2002.

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellant.
Loreeder Beasley, *pro se.*