## A02A0788. IN RE ESTATE OF DORROH.
(565 SE2d 565)

PHIPPS, Judge.

Carol Willis sought certain relief from the Probate Court of Bartow County. The probate court determined that she lacked standing to pursue her claims. Willis, proceeding pro se, appealed to the Bartow County Superior Court, and it affirmed the ruling of the probate court and dismissed her appeal. Willis now appeals the superior court's order. Because we lack the evidence necessary to review the superior court's ruling, we affirm.

Willis's notice of appeal expressly directs the clerk to "omit everything from the record on appeal." A transcript of a hearing before the superior court was forwarded, but it contains only argument by Willis and counsel for appellees. Thus, the evidence upon which the superior court relied in this case has been omitted from the record on appeal.

---

[10] *Mitchell v. State*, 223 Ga. App. 319, 321 (6) (477 SE2d 612) (1996).
[11] See id.
[12] See *Wallace v. State*, 272 Ga. 501, 504 (3) (a) (530 SE2d 721) (2000).

The burden is on the party alleging error to show it by the record. Where the evidence necessary for determination of the issues on appeal is omitted from the record, we must assume that the judgment below was correct and affirm.[1]

Willis challenges the trial court's order, which states that

[t]he purported assignment which was the sole basis of Ms. Willis'[s] alleged standing before Judge Crawford is legally insufficient to create any standing on her part to pursue the relief requested in her petition. Further the purported disclaimer attached to her amended petition is not only untimely, but in and of itself is also legally insufficient to create standing on the part of Ms. Willis to seek the relief requested in her petition.

Without the assignment, petition or disclaimer we cannot determine if the trial court's ruling was correct.

Willis has attached several documents from the proceedings below to her briefs filed in this court, but we cannot consider them because a brief or an attachment thereto cannot be used in lieu of the record for adding evidence to the record.[2] The clerk of the trial court has the duty to certify and transmit the record to this court.[3] Transmittal by a party or attorney is prohibited.[4] Moreover, "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal."[5] Thus, we cannot consider documents attached to appellate briefs unless they have been forwarded to this court by the trial court, not by a party or attorney, and made a part of the record on appeal.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 14, 2002.

Carol R. Willis, *pro se.*
Akin & Tate, *William M. Akin,* Smith, Shaw & Maddox, *Virginia B. Harman,* for appellee.

---

[1] *Bennett v. Executive Benefits,* 210 Ga. App. 429 (436 SE2d 544) (1993).
[2] *Johnson v. Bruno's, Inc.,* 219 Ga. App. 164, 165 (2) (464 SE2d 259) (1995).
[3] Court of Appeals Rule 17.
[4] Id.
[5] Court of Appeals Rule 23 (f).