S08G0601. DAMANI et al. v. STATE OF GEORGIA.
S08G0602. ULTRA TELECOM, INC. v. STATE OF GEORGIA.
S08G0603. ULTRA TELECOM, INC. et al.
v. STATE OF GEORGIA.
S08G0608. ALLSTAR, INC. et al. v. STATE OF GEORGIA.
S08G0611. JACKSON v. STATE OF GEORGIA.
S08G0613. DAMANI et al. v. STATE OF GEORGIA.

(667 SE2d 372)

BENHAM, Justice.

The District Attorney of Cobb County filed 12 complaints for condemnation in the Superior Court of Cobb County, seeking to condemn several game machines owned and operated by appellants. The cases were consolidated and the superior court conducted a bench trial where the parties presented lay and expert witness testimony about how the game machines were manufactured and programmed, how they were played, and how they dispensed rewards. The trial court issued a 76-page final order detailing the evidence adduced with respect to each machine, the position of the parties and their experts with respect to each game machine, the court's analysis of the applicable law, and the court's findings of fact and conclusions of law with respect to each game machine. The trial court concluded that four of the eleven game machines were gambling devices subject to condemnation pursuant to OCGA §§ 16-12-20 and 16-12-35, but that seven of the game machines were not. In the State's appeal, the only issue determined by the Court of Appeals was whether the game machines complied with the reward redemption scheme under OCGA § 16-12-35 (d), thereby excepting them

from condemnation. The Court of Appeals upheld the trial court's condemnation of the four game machines and then reversed the trial court regarding the remaining seven game machines and held that they too should be condemned for violating OCGA § 16-12-35 (d). *State of Ga. v. Damani*, 288 Ga. App. 588 (654 SE2d 396) (2007).

When the State filed its notice of appeal, it asked the clerk of the trial court to transmit the entire trial record to the Court of Appeals. While the appeal was pending, the Court of Appeals issued an order directing the trial court to send to the appellate court a copy of the State's expert report which was admitted at the bench trial. Upon the issuance of this order, appellants discovered that the entire trial record had not been sent to the Court of Appeals as the State initially requested. In an attempt to complete the record for appeal, appellants immediately filed a motion in the Court of Appeals requesting that the trial court be ordered to transmit all exhibits admitted at trial. In that motion, appellants specifically requested the transmission of their expert's report. After two months passed with no response from the Court of Appeals, appellants filed a second motion to supplement the record. Thereafter, the Court of Appeals issued its opinion resolving the case on the merits and denying the motions to supplement as moot. Appellants then filed a post-judgment motion to supplement the record, which the Court of Appeals also denied.

We granted appellants' petition for certiorari posing the following questions: (1) whether the game machines met the definition in OCGA § 16-12-35 for machines designed for bona fide amusement purposes; and (2) whether the Court of Appeals erred in denying the motions to supplement the record. Because exhibits necessary to assessing the true and complete facts as they occurred in the trial court were omitted from the record on appeal and the requests to supplement filed before the Court of Appeals reached its decision were denied as moot, we vacate the judgment.

1. If an appellate court is to review and correct any enumerated errors, it must do so based on the record sent from the trial court as designated by the appellant in the notice of appeal and as further designated by appellee (OCGA § 5-6-42) and the reviewing court (OCGA § 5-6-41 (f)). See *McClaskey v. Jiffy Lube, Inc.*, 197 Ga. App. 537 (398 SE2d 825) (1990). In this case, when it was discovered portions of the record had not been transmitted for appeal, either party could have moved to supplement the record in the trial court as long as the motion was made prior to the appellate decision or, as happened here, in the Court of Appeals before or after it rendered its decision. See *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984); *Galardi v. Steele-Inman*, 259 Ga. App. 249 (576 SE2d 555) (2002); *Kelleher v. State*, 187 Ga. App. 811 (1) (371 SE2d 450) (1988).

Therefore, appellants' motions for supplementation, filed both prior to and after the Court of Appeals' decision, were timely and proper.

2. Appellate courts have authority to supplement the record pursuant to OCGA § 5-6-48 (d), which provides:

> At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, . . . require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal. . . .

While invoking OCGA § 5-6-48 (d) to supplement a record is within the appellate court's discretion, there are two goals to consider in determining whether to exercise such discretion: (1) that cases be decided according to true and complete facts as they occurred in the trial court and (2) that cases on appeal not be further delayed by proceedings in the trial court. *State v. Pike*, 253 Ga. at 307. The first goal prevails over the second up to the point the appellate court renders its decision. Id. On appeal, parties must also be provided a fair and equal opportunity to present key evidence that was considered by the trial court. *Slaughter v. State*, 199 Ga. App. 695 (405 SE2d 897) (1991) (case remanded to trial court to give parties "equal opportunity" to supplement record on a key issue which was not addressed in the record on appeal); *Galardi*, supra, 259 Ga. App. at 249 (case remanded per OCGA § 5-6-48 (d) to trial court to supplement record with evidence that was presented to jury, but not included with the transcript on appeal). See also *Shoemate v. State*, No. CR 08-01, 2008 WL 741479 (Ark. March 20, 2008) (Supreme Court of Arkansas granted motion to supplement appellate record with documents considered by the trial court).

Here, it has been shown that despite the State's notice of appeal and the appellants' motions for supplementation, each requesting that the entire record be transmitted to the appellate court, the Court of Appeals did not have all of the record materials before it to ascertain the true and complete facts that occurred in the trial court. The Court of Appeals invoked OCGA § 5-6-48 (d) to obtain the State's expert report, but did not obtain the appellants' expert report which was also relied upon by the trial court in its 76-page decision. The Court of Appeals gave weight to the State's evidence when it specifically determined the State had carried its burden by showing by a preponderance of the evidence that the machines violated the redemption scheme in OCGA § 16-12-35 (d). *State of Ga. v. Damani,*

supra, 288 Ga. App. at 593. As such, it was erroneous for the Court of Appeals to have failed to grant the motion to supplement as requested, particularly where, as here, it considered the State's expert report to the exclusion of the appellants' expert report which had also been relied upon by the trial court. Insofar as the Court of Appeals' decision was based on a record that did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal, the judgment is vacated and remanded with direction. On remand, the Court of Appeals shall grant appellants' motion to supplement and reissue an opinion in light of the supplemented record.

3. Because the judgment is vacated on the above-referenced grounds, we need not reach the question whether the game machines satisfied the redemption requirements of OCGA § 16-12-35.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Spix, Krupp & Reece, Mark V. Spix*, for Greater Georgia Amusements, LLC et al.

*Balch & Bingham, Michael J. Bowers, Christopher S. Anulewicz, Geremy W. Gregory*, for M & G Amusements, Inc.

*Manchel, Wiggins & Kaye, Howard J. Manchel*, for Toby Amusements, Inc.

*McNatt, Greene & Peterson, Hugh B. McNatt*, for Midtown Vending, LLC.

*Wimberly, Lawson, Steckel, Nelson & Schneider, Les A. Schneider, Rhonda L. Klein, Paul Oliver, Jacqueline D. Joslyn*, for Damani and Ultra Telecom, Inc.

*Begner & Begner, Alan I. Begner*, for Allstar, Inc. et al.

*Patrick H. Head, District Attorney, Amelia G. Pray, Christopher W. Timmons, Samuel W. Lengen, Assistant District Attorneys*, for State of Georgia.