A10A0433. GEORGIA MESSENGER SERVICE, INC.
v. BRADLEY.
(690 SE2d 888)

Blackburn, Presiding Judge.

In this personal injury action, Georgia Messenger Service, Inc. ("GMS") appeals the trial court's denial of summary judgment on Vernetta Bradley's claims, in which she seeks to recover damages arising from an attack upon her by John Wise, who she claims was a GMS employee acting within the scope of his employment. We vacate and remand that order insofar as it addresses the assault-and-battery-claim issues of (i) whether Wise was an employee or independent contractor and (ii) whether Wise was acting within the scope of his employment, as we find that the depositions, which were relied upon by the trial court, were either not filed with the trial court at the time it signed its order denying summary judgment or not filed until months after the appeal was filed in this case. However, as to the remaining claims of negligent hiring, negligent retention, and negligent entrustment, we hold that because Bradley did not and does not even purport to cite to any evidence supporting these claims, the undisputed affidavit and other evidence of record showing the absence of evidence on these claims required the grant of summary judgment. Accordingly, we reverse this portion of the summary judgment order.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that on September 20, 2005, Wise was acting as a messenger for GMS when he parked his truck in front of an office park and took a package into a building. Upon exiting the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

building, he discovered that Bradley, who was a security guard for the office park, was placing a "boot" on his vehicle. Wise kicked Bradley into unconsciousness, removed the "boot," and presumably continued on his scheduled deliveries.

Bradley sued Wise and GMS, asserting claims of assault and battery, negligent hiring, negligent retention, and negligent entrustment. GMS moved for summary judgment, submitting Wise's employment application, Wise's contract with GMS, and the affidavit of GMS's vice-president to show that Wise was an independent contractor and in any event was acting outside the scope of his employment at the time he assaulted Bradley. In opposing summary judgment, Bradley cited to her own deposition taken by GMS (which was not filed with the court) and submitted the affidavit of Wise, who testified that he understood that GMS controlled, for the most part, the time, manner and method of his work. GMS took the deposition of Wise and then filed a supplemental brief, reiterating its arguments. Citing to the Wise deposition at length, Bradley also submitted a supplemental brief, arguing that this testimony confirmed that Wise was an employee of GMS and also showed that he was furthering GMS's business at the time of the incident by incapacitating Bradley so that he could remove the "boot" and continue on with his scheduled deliveries without delay. Bradley simultaneously filed a formal request that GMS as custodian file the Bradley and Wise original deposition transcripts with the court.

A week later, the court conducted a hearing on the motion and that same day signed an order denying summary judgment after having reviewed the briefs and the entire record of the case. At this time, GMS had yet to comply with the request to file the original depositions of Bradley and Wise in its custody, and neither party had filed any deposition excerpts. Cf. *Shannon v. Office Max North America*[2] ("case law specifically allows a trial court to rely on deposition excerpts filed by a party in support of a motion") (punctuation omitted). Three days later, GMS finally filed the deposition of Bradley, but did not file the deposition of Wise. With leave of this Court, GMS appealed the denial of its motion for summary judgment on all claims. The deposition of Wise was not filed with the trial court until December 24, 2009, and was only recently received by this Court.

1. At the time the trial court held its hearing and signed its summary judgment order, GMS had failed to comply with its statutory obligation to file the original deposition transcripts in its custody as requested by Bradley. See OCGA § 9-11-29.1 (a) (3). Nor

---

[2] *Shannon v. Office Max North America*, 291 Ga. App. 834, 834 (2) (662 SE2d 885) (2008).

had either party submitted copies of the depositions nor any excerpts therefrom. Thus, the trial court, which was relying on the briefs that cited to and quoted from those depositions, could not review that deposition testimony.

*Snipes v. Housing Auth. of DeKalb County*[3] involved similar facts where the parties had cited to depositions, which through error were not in the court's file. Although "the burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it," *Parker v. Silviano*[4] (punctuation omitted), we held that since "the parties before the trial court relied upon the depositions in their briefs in the trial court, then it must be inferred that the trial court relied upon such citation to such depositions made either by brief or oral argument as if the depositions were filed and opened in deciding such motions." *Snipes*, supra, 250 Ga. App. at 771. We further inferred "that the trial court considered such depositions in rendering its judgments, although not properly filed with the trial court clerk." Id. at 772. Because of this oversight, we "remand[ed] the case for the trial judge to in fact reconsider the motions with the filed copies of the depositions as if filed at the time that the motions were filed. Thus, we vacate[d] and remand[ed] with direction that such depositions be considered." (Citation omitted.) Id.

Here, Bradley cited to the depositions in her trial court briefs, making a formal request below that GMS as custodian file the original depositions with the court. Yet GMS did not file the deposition of Bradley until after the trial court had signed its order, and it did not file the deposition of Wise until months after the appeal was filed, even though (according to Bradley's supplemental brief) that deposition discussed the key issues of his alleged status as an independent contractor and of the motivation for his actions taken that fateful day. As in *Snipes*, we vacate and remand with direction that such depositions be considered by the trial court in deciding the summary judgment motion as to the assault-and-battery-claim issues of whether Wise was an independent contractor or an employee, and of whether he was acting within the scope of his employment.

2. Nonetheless, as to the claims for negligent hiring, retention, and entrustment, we reverse the summary judgment order because Bradley did not and does not make even a colorable argument that any evidence supported these claims. Rather, the undisputed evi-

---

[3] *Snipes v. Housing Auth. of DeKalb County*, 250 Ga. App. 771, 771-772 (552 SE2d 133) (2001).

[4] *Parker v. Silviano*, 284 Ga. App. 278, 281 (2) (643 SE2d 819) (2007).

dence showed the complete absence of any support for these claims.

(a) *Negligent hiring and retention.* "For [GMS] to be negligent in hiring and retaining any employee with violent and criminal propensities, it would be necessary that [GMS] knew or should have known of those dangerous propensities alleged to have resulted in [Bradley's] injuries." (Punctuation omitted.) *Southern Bell Tel. &c. Co. v. Sharara.*[5] Here, the undisputed evidence, not contested in any way by Bradley in evidence or by argument, is that GMS had no prior knowledge of any dangerous propensities of Wise, who had worked without incident for GMS for over nine years.

> Where, as in the instant case, an employee has absolutely no background of prior criminal or dangerous propensities and, during his employment for a substantial number of years, he has had a good work record without a single complaint from customers, his employer may not be found negligent in hiring and retaining such employee. . . .

*Id.* at 666-667 (1). See *Remediation Resources v. Balding*[6] ("[i]n order to defeat summary judgment on this issue, a plaintiff must produce some evidence of incidents similar to the behavior that was the cause of the injury at issue"); *Tecumseh Products Co. v. Rigdon*[7] ("[i]n order to sustain a claim for negligent hiring and retention, a claimant must show that the employer knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury") (punctuation omitted).

Accordingly, the trial court erred in denying GMS summary judgment on the claims of negligent hiring and retention.

(b) *Negligent entrustment.*

> Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness.

(Punctuation omitted.) *Parker*, supra, 284 Ga. App. at 280 (2). To avoid summary judgment, Bradley was required to show that GMS had actual knowledge that Wise was incompetent or habitually reckless when GMS entrusted its vehicle to Wise. *Id.* at 280-281 (2).

---

[5] *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665, 666 (1) (307 SE2d 129) (1983).

[6] *Remediation Resources v. Balding*, 281 Ga. App. 31, 34 (2) (635 SE2d 332) (2006).

[7] *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739, 740 (1) (552 SE2d 910) (2001).

Not only does the undisputed evidence show that Wise was driving his own vehicle, not GMS's vehicle, but no evidence showed any actual knowledge by GMS of Wise's incompetence or habitual recklessness, nor did any evidence link the actual operation of that vehicle to Bradley's injury. Accordingly, the trial court erred in denying summary judgment on this claim. See id. at 281 (2).

*Judgment reversed on all claims other than assault and battery. Judgment vacated on assault-and-battery claim and case remanded with direction. Barnes and Bernes, JJ., concur.*

DECIDED FEBRUARY 9, 2010.

*Harper, Waldon & Craig, Daniel C. Prout, Jr.*, for appellant.
*Bruce A. Hagen, Randall E. Fry*, for appellee.