# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1476. CREECH et al. v. SURGERY SOUTH, P.C. et al.

The Appellees in the above-styled appeal have moved this Court to supplement the record on appeal with the portion of the trial court record that the Appellants indicated in their notice of appeal should be omitted, including exhibits that were sent out with the jury and deposition transcripts. Additionally, both parties agree that certain relevant evidence is included on a digital compact disc that has been damaged and that it is unclear how long that it will take for the trial court to make that evidence available. Accordingly, the Appellees request that the case be removed from the docket and remanded to the trial court for the complete record to be compiled and sent to this Court to be considered on appeal.

In their response to the Appellees' motion and in a separate motion for an extension of time to file their brief, the Appellants do not dispute that the Appellees are entitled to have the requested materials included in the appellate record, they agree that the trial court's clerk's office has failed to comply with the Appellees' request in the trial court to supplement the record, and given the damaged computer disc, they express concern that the length of time that it will take to complete the record is uncertain. In light of these concerns (as well as certain upcoming travel plans of their attorney), the Appellants request that they be given an extension of time to file their appellate brief until June 12, 2017, if this Court denies Appellees request to remand this case to the trial court for completion of the record.

In this regard, our Supreme Court has explained that

[w]hile invoking OCGA § 5–6–48 (d)[1] to supplement a record is within the appellate court's discretion, there are two goals to consider in determining whether to exercise such discretion: (1) that cases be decided according to true and complete facts as they occurred in the trial court and (2) that cases on appeal not be further delayed by proceedings in the trial court.[2]

And "[t]he first goal prevails over the second up to the point the appellate court renders its decision."[3] Indeed, "[o]n appeal, parties must also be provided a fair and equal opportunity to present key evidence that was considered by the trial court."[4]

---

[1] *See* OCGA § 5-6-48 (d) ("At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it. If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it.").

[2] *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008).

[3] *Id.*

[4] *Id.*

Because both parties are entitled to a fair and equal opportunity to present key evidence, they agree that the Appellees are entitled to have the appellate record supplemented, and that it is unclear how long it will take the trial court to do so, we hereby GRANT the Appellees' motion to supplement the record, remove this appeal from our docket, and remand the case to the trial court to give the parties the opportunity to supplement the trial-court record with any evidence that was filed with and considered by the trial court, but not included in the record on appeal.[5] To this

---

[5] *See Damani v. State*, 284 Ga. at 374 (2) (holding that the Court of Appeals erred in denying a motion to supplement the record with an expert report that was relied upon by the trial court because, absent the report, the record "did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal"); *Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (remanding a case to the trial court for, *inter alia*, further proceedings as may be necessary to complete the record when the Supreme Court could not determine whether certain exhibits were admitted into evidence); *Ga. Messenger Serv., Inc. v. Bradley*, 302 Ga. App. 247, 249 (1) (690 SE2d 888) (2010) ("Although the burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it, . . . the parties before the trial court relied upon the depositions in their briefs in the trial court, [ ] it must be inferred that the trial court relied upon such citation to such depositions made either by brief or oral argument as if the depositions were filed and opened in deciding such motions." (punctuation and citation omitted)); *Snipes v. Hous. Auth. of DeKalb Cty.*, 250 Ga. App. 771, 772 (552 SE2d 133) (2001) (vacating a summary-judgment order and remanding for the trial court to reconsider the summary-judgment motion with depositions that were relied upon by the trial court but never filed with the clerk's office as if they were filed at the time of the motion); *Custom Lighting & Decorating, Ltd. v. Hampshire Co.*, 204 Ga. App. 293, 295 (1) (418 SE2d 811) (1992) (allowing the trial court to supplement the record with depositions that were given to the judge but not filed with the clerk's office); *Galardi v. Steele-Inman*, 259 Ga. App. 249, 249-50 (576 SE2d 555) (2002) (removing the case from the appeal docket and remanding it to the trial court for "completion of the record without delay"); *Slaughter v. State*, 199 Ga. App. 695, 695 (405 SE2d 897) (1991) (remanding the case to the trial court to afford both parties the equal opportunity to supplement the record on a particular issue).

end, the trial court is directed to issue an order detailing which of the materials identified by Appellees were considered in the trial court, but omitted from the appellate record, and supplementing the record accordingly. Upon entry of such order, the Appellants shall have 30 days from that date to re-file a notice of appeal, and after the filing of such notice of appeal the case with the complete record may be transmitted to the Court of Appeals for redocketing. Thus, Appellant's motion for extension of time is denied as moot.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/13/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*