# Court of Appeals
# of the State of Georgia

ATLANTA,  April 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1136. BROWNING v. RABUN COUNTY BOARD OF COMMISSIONERS et al.**

Jean Browning, the appellant in the above-styled case, has filed a motion to supplement the record with three pieces of evidence that she alleges were relied upon by both parties and the trial court, but were never filed with the court. Specifically, Browning seeks to supplement the record with Jon Manfull's affidavit, Debra Jacobs's original deposition transcript with accompanying exhibits, and Linda Ramey's original deposition transcript with accompanying exhibits. In this regard, our Supreme Court has explained that

> [w]hile invoking OCGA § 5–6–48 (d)[1] to supplement a record is within the appellate court's discretion, there are two goals to consider in determining whether to exercise such discretion: (1) that cases be

---

[1] *See* OCGA § 5-6-48 (d) ("At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it. If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it.").

decided according to true and complete facts as they occurred in the trial court and (2) that cases on appeal not be further delayed by proceedings in the trial court.[2]

And "[t]he first goal prevails over the second up to the point the appellate court renders its decision."[3] Indeed, "[o]n appeal, parties must also be provided a fair and equal opportunity to present key evidence that was considered by the trial court."[4]

Nevertheless, this Court cannot consider evidence that was not part of the trial court's record prior to appeal.[5] Although Browning contends that the trial court considered the evidence at issue, it is undisputed that the evidence was never filed with the trial court, and as such, the trial court could not forward such evidence to be included in the appellate record even if we ordered it to do so. But given that parties must be provided a fair and equal opportunity to present key evidence considered by the trial court, we hereby DENY Browning's motion to supplement the record, remove this appeal from our docket, and remand the case to the trial court to give the

---

[2] *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008).

[3] *Id.*

[4] *Id.*

[5] *Harris v. Tenet Healthsystem Spalding, Inc.*, 322 Ga. App. 894, 898 n.1 (746 SE2d 618) (2013); *see Glover v. State*, 128 Ga. 1, ___ (2) (57 SE 101) (1907) ("Affidavits, documents, or other evidence, used merely at the hearing of the motion for a new trial as evidence, when not embodied in any part of the pleadings in the case, nor referred to therein, nor attached thereto as exhibits, do not become a part of the record in the case, and cannot be considered by this [C]ourt in the determination of the case, unless they are set forth in the bill of exceptions, or attached thereto properly identified, or appear in an approved brief of the evidence."); *In re Estate of Dorroh*, 255 Ga. App. 366 (565 SE2d 565) (2002) (noting that this Court cannot consider documents unless they have been forwarded to this court by the trial court and made part of the record on appeal).

parties the opportunity to supplement the trial-court record with any evidence that was considered by the trial court in deciding the case but never filed with the trial court.[6] We acknowledge that the appellee in this case, the Rabun County Board of Commissioners, has filed a response, disputing that the depositions and affidavit at issue were considered or relied upon by the trial court. Given this factual dispute, the trial court is directed to issue an order confirming which of the exhibits identified by Browning, if any, it considered in deciding this case and supplementing the record accordingly. Upon entry of such order, Browning shall have 30 days from that date

---

[6] *See Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (remanding a case to the trial court for, *inter alia*, further proceedings as may be necessary to complete the record when the Supreme Court could not determine whether certain exhibits were admitted into evidence); *Ga. Messenger Serv., Inc. v. Bradley*, 302 Ga. App. 247, 249 (1) (690 SE2d 888) (2010) ("Although the burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it, . . . the parties before the trial court relied upon the depositions in their briefs in the trial court, [ ] it must be inferred that the trial court relied upon such citation to such depositions made either by brief or oral argument as if the depositions were filed and opened in deciding such motions." (punctuation and citation omitted)); *Snipes v. Hous. Auth. of DeKalb Cty*., 250 Ga. App. 771, 772 (552 SE2d 133) (2001) (vacating a summary-judgment order and remanding for the trial court to reconsider the summary-judgment motion with depositions that were relied upon by the trial court but never filed with the clerk's office as if they were filed at the time of the motion); *Custom Lighting & Decorating, Ltd. v. Hampshire Co.*, 204 Ga. App. 293, 295 (1) (418 SE2d 811) (1992) (allowing the trial court to supplement the record with depositions that were given to the judge but not filed with the clerk's office); *Galardi v. Steele-Inman*, 259 Ga. App. 249, 249-50 (576 SE2d 555) (2002) (removing the case from the appeal docket and remanding it to the trial court for "completion of the record without delay"); *Slaughter v. State*, 199 Ga. App. 695, 695 (405 SE2d 897) (1991) (remanding the case to the trial court to afford both parties the equal opportunity to supplement the record on a particular issue). *Cf. Damani v. State*, 284 Ga. at 374 (2) (holding that the Court of Appeals erred in denying a motion to supplement the record with an expert report that was relied upon by the trial court because, absent the report, the record "did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal").

to re-file a notice of appeal, and after the filing of such notice of appeal the case with the complete record may be transmitted to the Court of Appeals for redocketing.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  04/14/2017*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*