# Court of Appeals
# of the State of Georgia

ATLANTA,  May 31, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1736. HANSON, et al v. FORSYTH COUNTY

Diane and Henry Hanson, the appellants in the above-styled case, have filed a motion to supplement the record with documents that they contend the trial court omitted when transferring the record to this Court by "ministerial error" as well as other documents or evidence that they allege were relied upon by the appellee, Forsyth County; the trial court; or both, but were never filed with the trial court for whatever reason. Specifically, the Hansons seek to supplement the record with (1) a copy of the trial court's docket showing that the Hansons filed a trial brief that was not sent to this Court with the record; (2) the Hansons' trial brief; (3) the Hansons' proposed order denying Forsyth County's motion for summary judgment, received by the trial court on October 21, 2016; (4) evidence of the dismissal of the criminal charges against Henry Hanson; and (5) Forsyth County building permit applications showing a residential and commercial mixed-use building that Forsyth County has contended does not exist.

In this regard, our Supreme Court has explained that

[w]hile invoking OCGA § 5–6–48 (d)[1] to supplement a record is

---

[1] *See* OCGA § 5-6-48 (d) ("At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be

within the appellate court's discretion, there are two goals to consider in determining whether to exercise such discretion: (1) that cases be decided according to true and complete facts as they occurred in the trial court and (2) that cases on appeal not be further delayed by proceedings in the trial court.[2]

And "[t]he first goal prevails over the second up to the point the appellate court renders its decision."[3] Indeed, "[o]n appeal, parties must also be provided a fair and equal opportunity to present key evidence that was considered by the trial court."[4]

Nevertheless, this Court cannot consider evidence that was not part of the trial court's record prior to appeal.[5] However, the Hansons contend that certain documents

---

sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it. If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it.").

[2] *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008).

[3] *Id.*

[4] *Id.*

[5] *Harris v. Tenet Healthsystem Spalding, Inc.*, 322 Ga. App. 894, 898 n.1 (746 SE2d 618) (2013); *see Glover v. State*, 128 Ga. 1, ___ (2) (57 SE 101) (1907) ("Affidavits, documents, or other evidence, used merely at the hearing of the motion for a new trial as evidence, when not embodied in any part of the pleadings in the case, nor referred to therein, nor attached thereto as exhibits, do not become a part of the record in the case, and cannot be considered by this [C]ourt in the determination of the case, unless they are set forth in the bill of exceptions, or attached thereto properly identified, or appear in an approved brief of the evidence."); *In re Estate of Dorroh*, 255 Ga. App. 366 (565 SE2d 565) (2002) (noting that this Court cannot consider documents unless they have been forwarded to this court by the trial court

or evidence that was before the trial court was erroneously omitted from the record on appeal. But although the Hansons contend that the trial court considered all of the evidence or documents at issue, they admit that at least some of them were never filed with the trial court, and as such, the trial court could not forward such evidence to be included in the appellate record even if we ordered it to do so.

But given that parties must be provided a fair and equal opportunity to present key evidence considered by the trial court, we hereby DENY the Hansons's motion to supplement the record, remove this appeal from our docket, and remand the case for the trial court to give the parties the opportunity to supplement the trial court record with any evidence identified by the Hansons that was either inadvertently omitted from the record on appeal or that was considered by the trial court in deciding the case but never filed with the trial court.[6]

---

and made part of the record on appeal).

[6] *See Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (remanding a case to the trial court for, *inter alia*, further proceedings as may be necessary to complete the record when the Supreme Court could not determine whether certain exhibits were admitted into evidence); *Ga. Messenger Serv., Inc. v. Bradley*, 302 Ga. App. 247, 249 (1) (690 SE2d 888) (2010) ("Although the burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it, . . . the parties before the trial court relied upon the depositions in their briefs in the trial court, [ ] it must be inferred that the trial court relied upon such citation to such depositions made either by brief or oral argument as if the depositions were filed and opened in deciding such motions." (punctuation and citation omitted)); *Snipes v. Hous. Auth. of DeKalb Cty.*, 250 Ga. App. 771, 772 (552 SE2d 133) (2001) (vacating a summary-judgment order and remanding for the trial court to reconsider the summary-judgment motion with depositions that were relied upon by the trial court but never filed with the clerk's office as if they were filed at the time of the motion); *Custom Lighting & Decorating, Ltd. v. Hampshire Co.*, 204 Ga. App. 293, 295 (1) (418 SE2d 811) (1992) (allowing the trial court to supplement the record with depositions that were given to the judge but not filed with the clerk's office); *Galardi v. Steele-Inman*, 259 Ga. App. 249, 249-50 (576 SE2d 555) (2002) (removing the case from the appeal docket and remanding it to the trial court for

We acknowledge that Forsyth County has filed a response, arguing that the OCGA § 5-6-41 (f), the statute cited in the Hansons's motion, only applies to motions filed in the trial court, that the Hansons failed to follow the statutory procedures required in the trial court to supplement the record, and that this Court should not consider factual assertions appearing in the parties' motions or briefs when the evidence does not appear in the record.[7] But we have not considered the substance of any of the documents or exhibits referenced in or attached to the Hansons's motion, and as explained *supra*, OCGA § 5-6-48 (d) and our Supreme Court of Georgia authorizes this Court to remand a case to the trial court for further proceedings as may be necessary to complete the record.[8]

---

"completion of the record without delay"); *Slaughter v. State*, 199 Ga. App. 695, 695 (405 SE2d 897) (1991) (remanding the case to the trial court to afford both parties the equal opportunity to supplement the record on a particular issue). *Cf. Damani v. State*, 284 Ga. at 374 (2) (holding that the Court of Appeals erred in denying a motion to supplement the record with an expert report that was relied upon by the trial court because, absent the report, the record "did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal").

[7] The filings considered herein were originally filed in the Supreme Court of Georgia, but on May 23, 2017, this case was transferred from the Supreme Court to this Court. Forsyth County argues that the Hansons's motion to supplement the record is moot because their appellate brief was three days late under the Supreme Court's procedural rules. However, due to the transfer, all of the filings in this case, including the Hansons's appellate brief and motion to supplement the record, were docket on May 23, 2017, the same day that the appeal was docketed. We note that, in addition to responding to the Hansons's motion to supplement the record, Forsyth County filed a separate response entitled "Appellee Forsyth County, Georgia's response in opposition to appellants' motion to extend time for filing brief, enumerations of error, motion to supplement the record, and request for oral argument." However, the only motion currently pending before this Court on our docket is the Hansons's motion to supplement the record.

[8] *See supra* note 6.

Given Forsyth County's argument that the Hansons seek to supplement the record with evidence or documents that were not filed in or considered by the trial court, the trial court is directed to issue an order confirming which of the documents or exhibits identified by the Hansons, if any, were inadvertently omitted from the record or that it considered in deciding this case and supplementing the record accordingly. Upon entry of such order, the Hansons shall have 30 days from that date to re-file a notice of appeal, and after the filing of such notice of appeal the case with the complete record may be transmitted to the Court of Appeals for redocketing.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   05/31/2017*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*