# Court of Appeals
# of the State of Georgia

ATLANTA,  July 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1780.  MONROE v. THE STATE.**

The Appellee in the above-referenced appeal has filed a motion for this Court to remand the case to the trial court, so that both parties have an opportunity to supplement and complete the record for transmission to this Court. According to the Appellee, there are motions, orders, and portions of transcripts that were considered by the trial court and are necessary to resolve the claims of error raised in Appellant's opening brief, which was filed on June 27, 2018. The Appellant opposes the motion, except as to the trial court's "Order Granting Supersedeas, filed October 20, 2016."

This Court, of course, cannot consider evidence that was not part of the trial court's record *prior* to appeal.[1] However, "when it [is] discovered portions of the record had not been transmitted for appeal, either party [can] [move] to supplement the record in the trial court as long as the motion was made prior to the appellate decision or . . . in the Court of Appeals before or after it rendered its decision."[2] In its

---

[1] *See Harris v. Tenet Healthsystem Spalding, Inc.*, 322 Ga. App. 894, 898 n.1 (746 SE2d 618) (2013); *In re Estate of Dorroh*, 255 Ga. App. 366 (565 SE2d 565) (2002) (noting that this Court cannot consider documents unless they have been forwarded to this court by the trial court and made part of the record on appeal).

[2] *Damani v. State*, 284 Ga. 372, 373 (1) (667 SE2d 372) (2008).

motion, the Appellee has provided an itemized list of documents that it contends were filed in the trial court and are necessary to resolve this appeal, but are not included in the appellate record. The Appellee also contends that a pertinent hearing was held on April 1, 2016, which has apparently not been transcribed, and that a remand is necessary for the trial court to consider whether the parties must follow the procedures for reconstructing what transpired at the hearing, as provided for by OCGA § 5-6-41.

Given that parties must be provided a fair and equal opportunity to present key evidence that was considered by the trial court[,]"[3] we hereby GRANT the Appellee's motion for remand to complete the appellate record, remove this appeal from our docket, and remand the case to the trial court to give the parties the opportunity to supplement the record for transmission to this Court to the extent that the trial court deems it proper to do so.[4] Upon remand, the trial court is directed to issue an order confirming which filings identified by the parties, if any, it considered in deciding this case and supplementing the record accordingly. Upon entry of such order, the

---

[3] *Id.* at 374 (2).

[4] *See Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (remanding a case to the trial court for, *inter alia*, further proceedings as may be necessary to complete the record when the Supreme Court could not determine whether certain exhibits were admitted into evidence); *Slaughter v. State*, 199 Ga. App. 695, 695 (405 SE2d 897) (1991) (remanding the case to the trial court to afford both parties the equal opportunity to supplement the record on a particular issue). *Cf. Damani*, 284 Ga. at 374 (2) (holding that the Court of Appeals erred in denying a motion to supplement the record with an expert report that was relied upon by the trial court because, absent the report, the record "did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal").

Appellant shall have 30 days from that date to re-file a notice of appeal, and after the filing of such notice of appeal the case with the complete record may be transmitted to the Court of Appeals for redocketing.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,   07/23/2018           *
　　　*I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*