# Court of Appeals
# of the State of Georgia

ATLANTA, August 02, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1185. IRELAND v. WILLIAMS.**

In the above-referenced case, this Court granted Michael Ireland's application for an interlocutory appeal from the trial court's denial of his motion for summary judgment in Vera Williams's negligence action against him. In his notice of appeal, Ireland requested that the clerk of the trial court "please include everything and omit nothing from the [r]ecord on appeal[,]" including, but not limited to, all hearing transcripts. But while the appellate record appears to include most court filings, orders, and hearing transcripts, much of the underlying evidence submitted to and considered by the trial court in deciding Ireland's summary-judgment motion and cited by the parties in their briefs, such as deposition transcripts, is absent from the appellate record. Limited to the record as it now stands, this Court cannot conduct meaningful review of Ireland's appeal. And this Court, of course, cannot consider evidence that was not part of the trial court's record *prior* to appeal.[1] Although it appears that there are several deposition transcripts and other discovery materials necessary to resolve this appeal that were filed in the trial court and not ultimately transferred to this Court, we are unable to determine exactly what evidentiary items should be requested from the trial court.

---

[1] *See Harris v. Tenet Healthsystem Spalding, Inc.*, 322 Ga. App. 894, 898 n.1 (746 SE2d 618) (2013); *In re Estate of Dorroh*, 255 Ga. App. 366 (565 SE2d 565) (2002) (noting that this Court cannot consider documents unless they have been transmitted to this court by the trial court and made part of the record on appeal).

It is unclear how long it will take the trial court to complete this process, and this Court is constitutionally mandated to "dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term." Ga. Const. Art. 6, § 9, ¶ II. Given that the parties must be provided "a fair and equal opportunity to present key evidence that was considered by the trial court[,]"[2] and we cannot confirm they will be able to do so in time for us to decide this appeal by the end of the term, we **REMAND** this case to the trial court to give the parties the opportunity to supplement the record for transmission to this Court to the extent that the trial court deems it proper to do so.[3] Accordingly, we remove this case from our docket, and upon completion, the Clerk of the Superior Court of Tift County may re-transmit the case to this Court for re-docketing pursuant to the originally filed notice of appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/02/2018           *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*_____ , Clerk.*

---

[2] *Damani v. State*, 284 Ga. 372, 374 (2) (667 SE2d 372) (2008).

[3] *See Peterson v. Beasley*, 274 Ga. 882, 882 (561 SE2d 429) (2002) (remanding a case to the trial court for, *inter alia*, further proceedings as may be necessary to complete the record when the Supreme Court could not determine whether certain exhibits were admitted into evidence); *Slaughter v. State*, 199 Ga. App. 695, 695 (405 SE2d 897) (1991) (remanding the case to the trial court to afford both parties the equal opportunity to supplement the record on a particular issue). *Cf. Damani*, 284 Ga. at 374 (2) (holding that the Court of Appeals erred in denying a motion to supplement the record with an expert report that was relied upon by the trial court because, absent the report, the record "did not reflect the true and complete facts as they occurred in the trial court and did not give the parties a fair and equal opportunity to present key trial evidence on appeal").